REYNOLDS, J.
This action is brought for the sale and delivery of a parlor carpet. The answer admits the sale and delivery of the carpet, but sets up a warranty and a breach thereof. It also alleges a surrender and return of the property, and an acceptance thereof by the plaintiffs.
On the trial the defendant made a point under the statute of frauds, but on the pleadings and testimony nd such question arises.
If the case had depended upon the question of warranty, it would have been the duty of the judge to submit it to the jury. But it appears that after the carpet was laid, and while the defendant was complaining of its alleged defects, the plaintiffs took it up and removed it to their store, and it has never since been returned or tendered to the defendant. Just previous to such removal, defendant’s wife had written to plaintiffs requesting them to take away the carpet,saying she would call and select *845 another in place of it. Sbe did call for that purpose, but plaintiffs refused to put down another unless she would first examine every yard of it, which she declined to do, and no other carpet was ever selected. -Plaintiff King says he agreed to take the carpet up, take out one breadth, which had a hole in it, put in a new one, and re-lay it, and make it a perfect carpet — -and that it was taken up for that purpose. In either case we do not see how the plaintiffs can recover. If the carpet was taken back, to be replaced by another, the sale and delivery were rescinded by consent of the parties, so that no action will lie upon that transaction — if it was taken back for the purpose stated by plaintiff, any previous acceptance of the carpet by defendant was thereby waived, and the plaintiffs were put back where they were before the delivery. They have never carried out the agreement; no new breadth has been put in, and no offer of the carpet to defendant has since been made. They are not therefore in a position to recover as for goods sold and delivered.
Our conclusion is that the trial judge was right in directing a verdict for defendant, and there should be a judgment in his favor with costs, including the costs of the appeal.
VAN Wyck:, J., concurs.